IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DT APARTMENT GROUP, LP, et al. § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:12-CV-0437-D |
| VS. § | |
| § | |
| CWCAPITAL, LLC, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action removed from state court under CAFA,[1] plaintiffs' motion to remand presents questions concerning whether removal was timely, whether the right of removal was waived, and whether removal was proper under CAFA. Concluding that at least one defendant timely removed the case under CAFA without waiving the right of removal, the court denies the motion to remand.

I

Plaintiffs DT Apartment Group, LP ("DT Apartment") and Richard Aguilar ("Aguilar") filed this suit in state court against CWCapital, LLC ("CW Capital"),[2] CWCapital Mortgage Securities, I, LLC ("CW Mortgage"), and CWCapital Asset

---

[1]Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

[2]CW Capital was not served until January 2012.

Management, LLC ("CW Asset") on June 30, 2010, asserting claims under Texas law,[3] the Equal Credit Opportunity Act, and the Fair Housing Act.[4] Plaintiffs borrowed money from defendant lenders, and now allege various claims related to defendants' lending practices. On August 29, 2011 US Bank, N.A. ("US Bank") filed a plea in intervention. It requested that the state court appoint a receiver over the properties in dispute between plaintiffs and defendants. Following a hearing, the state court denied US Bank's request.

Plaintiffs then filed two amended original petitions. The first, filed on January 27, 2012, added US Bank as a defendant. The second, filed on January 30, 2012, alleged that Aguilar was bringing the suit as the representative of a class of similarly situated guarantors and borrowers who had been subjected to defendants' allegedly wrongful lending practices.

Defendants US Bank, CW Asset, and CW Mortgage filed a notice of removal in this court on February 10, 2012.[5] CW Capital separately joined the removal. Plaintiffs move on several grounds to remand the case to state court.

---

[3]The original petition alleged claims under Texas law for wrongful foreclosure, tortious interference with prospective business relations, fraudulent inducement, breach of fiduciary duty and of the duties of good faith and fair dealing, negligent misrepresentation, and declaratory judgment.

[4]The court recounts only the facts pertinent to whether removal was proper.

[5]They filed an amended notice of removal on February 23, 2012.

II

The court considers first whether defendants timely removed the case.

Plaintiffs argue that defendants' notice of removal was untimely. Defendants respond that a new CAFA suit was commenced as to US Bank when plaintiffs added it as a defendant in their amended original petition filed on January 27, 2012.

"[T]he addition of a defendant commences a new suit as to that defendant for purposes of CAFA." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 279 (5th Cir. 2009) (emphasis omitted) (citing *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801 (5th Cir. 2006)). "[W]hen a new suit is commenced by the addition of a new defendant, a new window of removability opens under 28 U.S.C. § 1446(b)." *Id.* US Bank removed the case on February 10, 2012, within the 30-day window. As the court explains below, *see infra* § V, it is only necessary under CAFA that one defendant have properly removed the case. Accordingly, because US Bank's notice of removal was timely filed, the case was timely removed.

III

The court addresses next whether US Bank waived its right of removal.

A

A party can waive its right to removal, but "[a] waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Tedford v. Warner-Lambert*

*Co.*, 327 F.3d 423, 428 (5th Cir. 2003).[6] For example, the filing of a motion to dismiss or for summary judgment in state court can demonstrate the requisite intent to waive the right of removal. *See Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000) (holding that defendants waived right to remove in part by filing motions to dismiss and for summary judgment in state court); *see also Jacko v. Thorn Americas, Inc.*, 121 F.Supp.2d 574, 576 (E.D. Tex. 2000) ("Since a motion for summary judgment seeks a resolution of a case on its merits, a defendant who seeks a summary judgment in state court affirmatively invokes the state court's jurisdiction and demonstrates his clear intent to have the state court proceed on the merits of the case."); *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F.Supp.2d 885, 890 (S.D. Tex. 2003) ("Had [the defendant] participated in the . . . summary judgment hearing after learning that the case had become removable, there is no question but that it would have waived its right to remove.").

Plaintiffs contend that US Bank waived its right of removal when it intervened in the state court proceeding and before plaintiffs added it as a defendant. Plaintiffs argue that, because the case could have been removed at that time based on the presence of non-CAFA federal question claims, US Bank's actions in state court, coupled with its failure to remove the case, constitute waiver of its removal rights. US Bank responds that its limited state-court actions in conjunction with the plea in intervention did not waive its removal rights

---

[6]The Fifth Circuit has applied in the removal context the classic definition of waiver followed elsewhere in the law: "waiver is 'the intentional relinquishment or abandonment of a known right.'" *Tedford*, 327 F.3d at 428 n.15 (quoting *In re Al Copeland Enters., Inc.*, 153 F.3d 268, 271 (5th Cir. 1998)).

because it did not seek an adjudication on the merits. US Bank posits that, even assuming that its actions constitute waiver, they do not establish an intent to waive a right of removal under CAFA. US Bank relies on the fact that it was not then a defendant and that, when it sought to intervene, there were no class claims alleged that would have allowed removal under CAFA.

B

US Bank's actions as intervenor in state court did not demonstrate a clear and unequivocal waiver of its right of removal under CAFA after it was added as a defendant. When US Bank sought to intervene in state court, it did so to request appointment of a receiver over the properties at issue, as to which US Bank had a secured lien. Even if US Bank was attempting to obtain some form of affirmative relief, it was not asking the state court to proceed on the merits of the case, which was at that time between plaintiffs and defendants CW Capital, CW Mortgage, and CW Asset; instead, it was seeking to preserve the value of its security interest in properties that were the subject of litigation between other parties. Specifically, in light of plaintiffs alleged default on their loan to defendants, US Bank sought to intervene and assert its rights as a secured lien holder to have a receiver appointed who would ensure the orderly sale of the properties and maintenance of the apartment complexes.

The cases on which plaintiffs rely and that have found waiver are inapposite. For example, in *Jacko* the defendant waived her right of removal by proceeding with a summary judgment hearing on the merits after removal was available. *Jacko*, 121 F.Supp.2d at 577.

As in *Jacko*, cases holding that a defendant waived her removal rights typically involve filing a motion related to the merits, such as a motion to dismiss or for summary judgment. *See, e.g., Tedford*, 327 F.3d at 428 (holding that defendant did not waive right of removal by filing motion to transfer venue, entry of confidentiality order, moving to consolidate, or by filing special exceptions in state court, and distinguishing cases cited by plaintiff because they involved defendants' filing motions to dismiss). US Bank's application for the appointment of a receiver, before it was added as a party-defendant, did not relate to a determination of the merits of the claims between plaintiffs and defendants. Plaintiffs have not shown a clear and unequivocal waiver of US Bank's right of removal.

IV

Finally, the court considers whether removal was proper under CAFA.

A

CAFA grants this court subject matter jurisdiction to hear class actions if "(1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties (*i.e.*, at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011) (citing 28 U.S.C. § 1332(d)(2), (5)). Defendants have "the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "The court has wide, but not unfettered, discretion to determine what evidence to use in making its

determination of jurisdiction." *Hollinger*, 654 F.3d at 570-71 (citations omitted). A court can, for example, consider affidavit evidence when determining whether it has subject matter jurisdiction. *See Meyers v. Tex. Health Res.*, 2009 WL 3756323, at *4 n.7 (N.D. Tex. Nov. 09, 2009) (Fitzwater, C.J.) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)) (noting that court can consider affidavit evidence when determining whether it has removal jurisdiction).

B

Plaintiffs only contest whether defendants have met the CAFA requirement that the class contain more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiffs' second amended original petition alleges that Aguilar represents all guarantors and borrowers similarly situated who have been harmed by defendants' acts "which are designed to cripple the Borrowers and to strip them of common law rights of jury trial and damage claims[.]" 2d Am. Pet. § III.

Plaintiffs argue that the declaration of Kevin Thompson ("Thompson") attached to defendants' amended notice of removal is insufficient to establish that the purported class contains more than 100 members. Defendants respond that, even if Thompson's original declaration is insufficient, his March 19, 2012 declaration is more than sufficient to meet defendants' burden.

Thompson's March 19, 2012 declaration establishes by a preponderance of the evidence that the class contains more than 100 members. Thompson is a Vice President of CW Asset's Loan Asset Management Group. CW Asset is the special servicer for loans in

which US Bank is the trustee or lender, thus authorizing him to speak on behalf of US Bank with regard to their loan documents. Thompson Decl. ¶¶ 2, 5, 7.[7] Thompson avers that he personally reviewed over 100 loans for which US Bank was trustee and that have guarantors and borrowers who are in default, foreclosure, or subject to other non-judicial remedies under the loan agreement, all of which contain the provisions at issue in this suit. *Id.* at ¶¶ 9-12. This evidence, which plaintiffs do not contest,[8] is sufficient to prove by a preponderance of the evidence that the class contains more than 100 members.

The record therefore establishes by a preponderance of the evidence that the court has subject matter jurisdiction under CAFA.[9]

V

Because US Bank's notice of removal was timely filed, US Bank did not waive its right to removal, and the record establishes by a preponderance of the evidence that this court

---

[7]The court is citing the record in this manner because US Bank did not file an appendix in support of its response brief, as N.D. Tex. Civ. R. 7.1(i)(1) requires. Rule 7.1(i)(1) provides that "[a] party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials—to support or oppose a motion must include the materials in an appendix." Because this deficiency has not interfered with the decisional process of the court, the court has considered the document in deciding this motion.

[8]To the extent that plaintiffs attempt to question Thompson's declaration, they only challenge whether it is sufficient, and they allege that it is conclusory. Plaintiffs do not attempt to demonstrate that the class will contain 100 or fewer members.

[9]Although plaintiffs do not contest the other three elements of CAFA jurisdiction, they are satisfied. *See Hollinger*, 654 F.3d at 569. There is minimal diversity because plaintiffs are Texas citizens and US Bank is a citizen of Ohio. The amount in controversy exceeds $5 million. And no defendant is a state, a state official, or a government entity.

has subject matter jurisdiction under CAFA, US Bank properly removed the case. The court need not address defendants' arguments that CW Capital, CW Asset, and CW Mortgage also properly removed the case because CAFA allows a single defendant to remove a case to federal court. *See* 28 U.S.C. § 1453(b) ("[CAFA] action[s] may be removed by any defendant without the consent of all defendants."); *see also Frazier v. Pioneer Americas, LLC*, 455 F.3d 542, 546-47 (5th Cir. 2006) (holding that "[b]ecause CAFA eliminated the requirement of unanimity of consent to removal, a state may find itself in a case removed to federal court without having joined in the removal.").

\* \* \*

For the reasons explained, plaintiffs' February 28, 2012 motion to remand is denied.

**SO ORDERED.**

May 3, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE