IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DT APARTMENT GROUP, LP, et al.,      §
                                     §
                Plaintiffs,          §
                                     §  Civil Action No. 3:12-CV-0437-D
VS.                                  §
                                     §
CWCAPITAL, LLC, et al.,              §
                                     §
                Defendants.          §

MEMORANDUM OPINION
AND ORDER

Plaintiffs move under Fed. R. Civ. P. 15(d) for leave to supplement their third

amended complaint.  For the following reasons, the court grants the motion.

I

Plaintiffs DT Apartment Group, LP ("DT Apartment") and Richard Aguilar

("Aguilar") filed this suit in state court against CWCapital, L.L.C. ("CW Capital")

CWCapital Mortgage Securities I, L.L.C. ("CW Mortgage"), and CWCapital Asset

Management, L.L.C. ("CW Asset").  After U.S. Bank, N.A. ("US Bank") filed a plea in

intervention, plaintiffs added US Bank as a defendant in its first amended original petition.

Defendants removed the suit to federal court under the Class Action Fairness Act of 2005.

Pub. L. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

This suit revolves around defendants' lending practices.  Plaintiffs borrowed money

to buy four apartment complexes ("the Properties").  The Properties serve as collateral.

Plaintiffs allege that, in administering the loan, defendants violated Texas law, the Equal

Credit Opportunity Act, and the Fair Housing Act.  In their third amended complaint, plaintiffs bring claims for breach of contract, fraud, fraudulent inducement, breach of the duty of good faith, negligent misrepresentation, tortious interference with prospective business relations, civil conspiracy, and filing false or fraudulent documents, as well as violations of the Texas Theft Liability Act.  Plaintiffs allege, *inter alia*, that defendants improperly invoked provisions of the lending agreement to harm plaintiffs, significantly interfered with plaintiffs' attempts to control the Properties, and exerted unreasonable control over the Properties.

After filing their third amended complaint, plaintiffs negotiated with a potential purchaser of the Properties.  Plaintiffs' counsel contacted counsel for CW Mortgage and US Bank to request a payoff amount for the loan.  Plaintiffs' counsel did not obtain a full payoff amount, however, but instead received a payoff amount that included the loan's principal and interest but omitted "legal and other third-party expenses." Ps. Mot. 3.  The payoff amount included various fees and default interest that plaintiffs contend differed from DT Apartment's weekly statement.  Plaintiffs' counsel was told that DT Apartment would not receive an exact payoff amount that included legal and other third-party expenses unless it provided "evidence of its ability to pay the outstanding principal and interest" or dismissed with prejudice the instant suit.  Ps. Ex. E.[*]

---

[*]The court is citing plaintiffs' exhibit E to their motion rather than their appendix because they did not file the appendix required by N.D. Tex. Civ. R. 7.1(i) (1) ("A party who relies on materials—including depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other

Plaintiffs now move to supplement their third amended complaint to include these events, arguing that "[i]n the absence of the right to supplement with details of a further significant interference with [] DT's attempted exercise of control over its own property, the continuing course of Defendants' unreasonable control will not be set forth for the Court's consideration." Ps. Mot. 2.  Defendants respond that the supplement should not be allowed because it would be futile and is made in bad faith.

II

A

The court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d).  The purpose of the Rule "is to promote as complete an adjudication of the dispute between the parties as is possible." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1504, at 245 (3d ed. 2004).  Whether to grant the motion to supplement is in the district court's discretion. *See Louisiana v. Litton Mortg. Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995).  When exercising this discretion, the court considers the same factors as when deciding a Rule 15(a) motion to amend pleadings. *Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1193-94 (5th Cir. 1982), *vacated on other grounds by* 460 U.S. 1007 (1983); *Hyde v. Hoffman-La Roche Inc.*, 2008 WL 2923818, at *3 (N.D. Tex. July 30, 2008) (Boyle, J.) (The decision "to grant or deny Rule 15(d)

---

materials—to support or oppose a motion must include the materials in an appendix.").

motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a).").  The court can therefore consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing cases).  But granting leave "is by no means automatic." *Id.* (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  This is especially so for Rule 15(d) because, although Rule 15(a) instructs courts to "freely give leave when justice so requires," "Rule 15(d) . . . has no such liberal policy." *Hyde*, 2008 WL 2923818, at \*1.

B

Defendants first contend that the proposed supplement is futile because it "would not cure or even ameliorate the deficiencies of the Amended Complaint," and because plaintiffs do not "purport to state an additional or different claim against Defendants."  US Bank Br. 7; *see also* CW Br. 4 (arguing futility).  Defendants posit that the proposed supplement fails under the Rule 12(b)(6) standard because plaintiffs' own supporting documentation demonstrates that defendants provided a payoff amount despite not having a duty to do so.  Separately, CW Capital argues that plaintiffs' proposed supplemental allegations fail to satisfy Rules 8 and 9(b) because they do not specifically allege that CW Capital refused to provide a payoff statement for the loan, stating instead that "Defendants, one or more" engaged in such conduct.

These grounds are insufficient to support denying leave to supplement the complaint. This court has frequently noted that

> the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1-2 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). Although plaintiffs have not asserted a new cause of action, the court sees no reason to depart from its almost unvarying practice.

C

US Bank, CW Mortgage, and CW Asset also argue that plaintiffs' motion is made in bad faith. They maintain that plaintiffs' payoff demand was intended to gain information outside the discovery process and to punish defendants for their failure to comply with the demand. Defendants posit that because the contract price at which plaintiffs intended to sell the Properties was $3.6 million lower than the principal plus fees that they owed, the request was unreasonable.

To deny a motion to supplement based on bad faith, the behavior on which the opposing party relies must be more severe than occurred here. Examples of behavior that qualifies as bad faith include supplementing a pleading in order to destroy federal jurisdiction or intentionally delaying filing a supplement despite knowing all the relevant facts. *See* 6

Wright & Miller, *supra*, § 1488, at 755 (discussing Rule 12(a) context); *see also Wimm*, 3 F.3d at 141-43 (affirming finding of bad faith where parents of deceased child waited to present mislabeling claims until immediately before summary judgment on other claims, even though they were aware of the facts underlying the mislabeling claim).  There is no evidence that plaintiffs in the instant case were dilatory in raising this new allegation, and there is no basis to find that defendants would be prejudiced by deciding the merits of this claim in the context of a motion under Rule 12(b)(6), 12(c), or 56.  The court declines to deny plaintiffs' motion on the ground that it is made in bad faith.

*       *       *

For the reasons explained, plaintiffs' August 22, 2012 motion for leave to supplement the third amended complaint is granted.  They must file the supplement within seven days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

October 3, 2012.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE